# Exhibit D

| | |
|---|---|
| **From:** | Tom Mcbride <General Counsel's Email Address Redacted> |
| **Sent:** | Monday, August 21, 2023 2:22 PM |
| **To:** | LaCorte, Brian W.; Jessica Wilson; General Counsel's Email Address Redacted |
| **Cc:** | Thomas Mavrakakis; Brown, Charley F.; Talcott, Jonathon A. |
| **Subject:** | RE: Notice Letter for Filepp '849 Claim 8 (Subject to FRE 408) |
| **Importance:** | High |

⚠ **EXTERNAL**

Brian,

You keep bringing up the Chewy appeal as if the Court rules for Chewy then somehow Carvana is exempt from litigation and therefore Carvana has no risk. Regardless of the Chewy outcome, the Rakuten case involving Filepp '849 Claim 1 is moving forward with trial tentatively scheduled for April 8, 2024.

Likewise and regardless of the Chewy outcome, Carvana is on notice and subject to litigation for infringement of both Claim 1 and Claim 8 of the Filepp '849 patent. You will need to defend Carvana against both Claims in addition to Daniels '234 Claim 7 and Hinton '346. Is Carvana aware of the risk it is taking? The best time and least cost is now to settle.

Let me repeat. We made this same plea to Groupon prior to filing the Complaint in Federal Court. They ignored the plea, which cost them $57.5 M plus litigation expenses.

Best regards, Tom

**From:** LaCorte, Brian W. <Counsel's Email Address Redacted>
**Sent:** Thursday, August 10, 2023 5:49 PM
**To:** Tom Mcbride <General Counsel's Email Address Redacted>; Jessica Wilson <General Counsel's Email Address Redacted>
**Cc:** Thomas Mavrakakis <General Counsel's Email Address Redacted>; Robert Straight <General Counsel's Email Address Redacted>; DERMOTT COOKE <General Counsel's Email Address Redacted>; Brown, Charley F. <Counsel's Email Address Redacted>; Talcott, Jonathon A. <Counsel's Email Address Redacted>
**Subject:** [EXTERNAL] RE: Notice Letter for Filepp '849 Claim 8 (Subject to FRE 408)

Tom,

We are reviewing the positions you have raised in your email string below. If we require further information, we will so advise.

We disagree with your characterization of the discussions to date. Carvana has carefully analyzed IBM's threats of litigation and the asserted patents, responding in detail with positions of non-infringement and invalidity in good faith, noting where PTAB and the courts have ruled adverse to the validity of the asserted patents or IBM's infringement positions. This of course has influenced the discussions.

Indeed, your referenced first offer to settle involved patents that have since been found invalid by PTAB or by federal district courts, with CAFC affirmance likely in the coming weeks. As but one example, Carvana appropriately declined to license IBM's '193 patent that was pending before the *Zillow* Court. That Court ultimately found the '193 patent

invalid under Section 101 of the Patent Act. The CAFC's 101 affirmance should occur in the near future. Thank goodness Carvana did not license that patent from IBM.

The CAFC is likewise considering IBM's appeal of the *Chewy* non-infringement decision, and assuming that outcome is affirmed, it will of course be a substantial consideration in any party's willingness to license the '849 patent for any similarly accused website advertising. The point is these considerations have been valid undertakings in Carvana's response to IBM's licensing demands. We wanted to set the record straight in that regard.

We will respond to your Notice Letter and offer to settle in due course. Kindly include my colleagues Jon Talcott and Charley Brown, copied above, in any further correspondence.

Regards,

**Brian W. LaCorte**

[1 East Washington Street, Suite 2300](#)
[Phoenix, AZ 85004-2555](#)
[602.798.5449](#) direct
[602.798.5595](#) fax
[602.321.7926](#)mobile | [lacorteb@ballardspahr.com](mailto:lacorteb@ballardspahr.com)
[vcard](#)

[www.ballardspahr.com](#)