# DESMARAIS LLP
www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Tamir Packin
230 Park Ave, New York, New York
10169
Direct: 212-351-3403
tpackin@desmaraisllp.com

October 3, 2023

**Via ECF**

The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Carvana, LLC v. Int'l Bus. Mach. Corp.*
              Civil Action No. 1:23-cv-09616-SHS

Dear Judge Rakoff:

      We write on behalf of Defendant International Business Machines Corp. ("IBM") to contest Plaintiff Carvana, LLC's Related Case Affirmation, dated September 29, 2023 (D.I. 3). Although the cases involve an overlapping patent, IBM respectfully requests that the above-captioned case not be designated as related to *Chewy, Inc. v. Int'l Bus. Mach. Corp.*, Civ. No. 1:21-cv-1319-JSR because that case involved different accused products and the cases collectively involve five patents that do not overlap. The interests of justice and efficiency will not be served by accepting the two cases as related.

      **I.   Rule 13: Related Cases**

      Subject to certain limitations, civil cases are deemed related "when the interests of justice and efficiency will be served." S.D.N.Y. Div. Bus. R. 13(a)(1). When making that determination, judges must consider whether:

(A) the actions concern the same or substantially similar parties, property, transactions, or events;
(B) there is substantial factual overlap;
(C) the parties could be subjected to conflicting orders; and
(D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the court, parties, or witnesses.

*Id.* In civil actions, cases are not deemed related simply because they share common legal issues or the same parties. *Id.*

DESMARAIS LLP

The Honorable Jed S. Rakoff
October 3, 2023
Page 2

### II. The Two Cases are Not Related

This case is not related to *Chewy, Inc. v. Int'l Bus. Mach. Corp.* First, the actions do not concern the "same or substantially similar parties, property, transactions, or events." *Id.* The parties, transactions, and events involved in the two cases are plainly different, and Carvana does not even allege that they are the same or substantially similar. Rather, Carvana contends that "both actions concern the same property of the same party (Defendant IBM)." (D.I. 3 at 2.) That is wrong. Carvana seeks a declaratory judgment of noninfringement of U.S. Patents Nos. 7,072,849 (the '849 Patent), 7,543,234 (the '234 Patent), and 7,631,346 (the '346 Patent). But the '234 Patent and '346 Patent were not at issue in the *Chewy* case. Moreover, although the '849 Patent is common across both cases, *Chewy* involved three additional patents. As such, with only a single overlapping patent of the six involved across the two cases, there is substantially different IBM property involved across the two cases.[1]

Second, there is no factual overlap between the two cases. The cases involve different accused infringers in different industries. Chewy is a pet food retailer, and Carvana sells used cars. To IBM's knowledge, there is no relationship between the two accused infringers. Nor is there any overlap between their independent acts of patent infringement. The only potential factual overlap would be related to prior art vis-à-vis the '849 patent. But that does not apply here because Carvana's complaint does not raise the issue of invalidity. Carvana's declaratory judgment counts are limited to non-infringement.

Third, there is no risk of conflicting orders. The only overlapping legal issue across the two cases is the claim construction of the '849 Patent. This Court previously construed certain terms in that patent, which Carvana asserts "could be dispositive in this case." *Id.* That ruling, however, is currently being appealed to the Court of Appeals for the Federal Circuit, with oral argument scheduled for October 4, 2023. The Federal Circuit's legal ruling on claim construction of the '849 Patent will be binding in all cases involving that patent.[2] Thus, there is no potential for conflicting claim construction orders on the '849 Patent. Even if there was some potential for a different ruling on that same legal issue, under this Court's rules, a shared legal issue is insufficient to deem two cases related.

Fourth, there will not be a duplication of effort and expense, delay, or undue burden on any party if the two cases are not related. Carvana fails to address that factor and does not assert any alleged additional expense, delay or undue burden on a party. Instead, it simply concludes that there will be unspecified duplicative work that wastes judicial resources absent a

---

[1] Carvana's characterization of the '849 Patent as "the lead patent-in-suit" is wrong because it is unrelated to any of the other six patents involved across the two cases.

[2] Moreover, if Carvana was truly seeking to avoid any potential claim construction inconsistencies, it could have filed this case in the District of Delaware, where Judge Williams recently conducted two separate claim construction hearings regarding the '849 and '346 Patents.

DESMARAIS LLP

The Honorable Jed S. Rakoff
October 3, 2023
Page 3

determination of relatedness. That is incorrect. An evaluation of Carvana's separate infringement will involve an entirely non-duplicative assessment of the facts specific to Carvana.

Finally, treating the cases as related would be inappropriate and substantially prejudice the parties in both cases. The *Chewy* case currently is on appeal and not proceeding in this Court. Delaying the *Carvana* case until a potential remand in the *Chewy* case has the potential to delay resolution of the *Carvana* case. On the other hand, the *Chewy* case has completed discovery. If it returns on remand, it will be ready for trial, while the *Carvana* case would still be in the fact discovery phase, potentially causing a delay to a future trial in the *Chewy* case.

For those reasons, IBM respectfully requests that the Court deny Carvana's request to designate the cases as related.

Very truly yours,

Tamir Packin

Enclosures (#)

cc: Counsel of Record (via *ECF*)