# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARVANA, LLC, | Civ. No. 7:23-cv-8616 (KMK)(VR) |
| *Plaintiff*, | |
| v. | |
| INTERNATIONAL BUSINESS MACHINES CORPORATION, | **Request for International Judicial Assistance (Hague Letter of Request)** |
| *Defendant*. | |

The undersigned United States Magistrate Judge, Victoria Reznik, respectfully requests that the Ministère de la Justice of France order Orange S.A. ("Orange") to produce documents and testimony for use as evidence at trial in this matter, as more fully explained herein, pursuant to the provision of the Hague Convention on the Taking of Evidence in Civil or Commercial Matters (Hague Evidence Convention).

Pursuant to Article 3 of the Hague Evidence Convention, the undersigned respectfully submits the following:

1. **Sender:** Judge Victoria Reznik, United States District Court, Courtroom 420, 300 Quarropas Street, White Plains, NY 10601

2. **Central Authority of the Requested State:**
   Ministère de la Justice
   Direction des Affaires Civiles et du Sceau
   Bureau de l'entraide civile et commerciale (D3)
   13 Place Vendôme
   75042 Paris Cedex 01
   FRANCE

3. **Person to Whom the executed request is to be returned:**

   Wendy R. Stein
   Ballard Spahr LLP
   1675 Broadway, 19th Floor
   New York, NY 10019 USA
   Tel: 646-346-8078

4. **Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request**

In order for Carvana, LLC to comply with the current deadline to collect evidence in the above-captioned action, the Court respectfully requests that the Ministère de la Justice of France issue its response in such a time as to permit the Letter of Request to be fully executed, to the extent possible, by July 24, 2024.

5. **IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

   a. **Requesting judicial authority (Article 3(a)):**

I, the Honorable Victoria Reznik, Magistrate Judge of the United States District Court for the Southern District of New York, respectfully request that this Letter of Request be executed and the below parties be permitted to take the testimony and documents described herein, in France, for use in the above captioned

2

lawsuit over which I am currently presiding.

### b. To the competent authority of (Article 3(a))

Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Burea de l'entraide civile et commerciale (D3)

### c. Name of case and identifying number

*Carvana, LLC v. International Business Machines Corporation*

Civ. No. 7:23-cv-8616 (KMK)(VR)

United States District Court for the Southern District of New York

### 6. Names and addresses of the parties and their representatives (including representatives in the requesting state) (article 3(b))

#### a. PLAINTIFF

Carvana, LLC
Tempe, Arizona 84281

Represented by:
Wendy R. Stein
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019 USA
Tel: 646-346-8078
Email: steinw@ballardspahr.com

#### b. DEFENDANT

International Business Machines Corporation

Represented by:
Jordan N. Malz
Desmarais LLP

230 Park Avenue<br>
New York, NY 10169<br>
Email: jmalz@desmaraisllp.com

The basis for this Court's Request is set forth in more detail below:

7. **A. Nature Of The Proceedings (Article 3(c))**

Plaintiff Carvana, LLC ("Carvana") seeks a declaratory judgment that IBM's U.S. Patent No. 7,702,719 ("the '719 Patent"), U.S. Patent No. 7,543,234 ("the '234 Patent"), and U.S. Patent No. 7,631,346 ("the '346 Patent") are (i) not infringed by Carvana and (ii) invalid for failure to satisfy one or more requirements of Title 35 of the United State Code, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112. Defendant International Business Machines Corporation ("IBM") asserts counterclaims against Carvana alleging that Carvana infringes the '719, '234 and '346 Patents.

**B. Summary of complaint**

Carvana filed this case in September 2023 seeking a declaratory judgment that three patents, including the '346 Patent at issue, was not infringed by Carvana. (Dkt 12.) IBM later counterclaimed against Carvana for infringement of that patent. (Dkt 68.) The '346 Patent at issue, titled "Method and System for a Runtime User Account Creation Operation within a Single-Sign-On Process in a Federated Computing Environment," issued on December 8, 2009 but was filed on April 1, 2005. Under the patent laws applicable to this case (pre-AIA), a person is entitled

to a patent unless, among other things, the invention was "on sale in this country, more than one year prior to the date" the patent application was filed. Carvana alleges that the discovery to be secured from Orange will show that an offer for sale was made in the United States by IBM for the invention claimed in the '346 Patent more than one year before the application resulting in the '346 Patent was filed, and that IBM's '346 Patent is therefore invalid.

c. **Summary of defenses and counterclaims**

IBM filed an answer denying Carvana allegations and asserting counterclaims against Carvana for patent infringement. Carvana filed a reply denying those counterclaims and asserting reply counterclaims for non-infringement and invalidity of the patents IBM is asserting against it, including the '346 Patent.

d. **Other necessary information or documents**

All confidential information disclosed in this litigation is subject to a Stipulated Protective Order ("Protective Order"), attached as Exhibit 1, which is designed to protect producing entities from unauthorized use and/or disclosure of trade secrets and other proprietary information. The Protective Order permits information to be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY- SOURCE CODE. Accordingly, Orange may designate any confidential information produced in response to this request as CONFIDENTIAL,

HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY, and HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY- SOURCE CODE under the Protective Order.

Information may be designated as CONFIDENTIAL if it contains or reflects (i) confidential, proprietary, trade secret and/or commercially sensitive information; (ii) any information of a personal or intimate nature regarding any individual; or (iii) any other category of information given confidential status by the Court. (Ex. 1 at § 6.) Additionally, "[a]t the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no even later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected." (Ex. 1 at § 17.) This Court has jurisdiction over the parties and any persons or organizations in possession of Discovery Material subject to the Protective Order, and the terms of the Protective Order shall survive and remain in effect after termination of this case. (Ex. 1 at § 18.) This Court shall further retain jurisdiction after termination of the action to hear and resolve any disputes arising under the Protective Order. (*Id.*).

8. **The Evidence To Be Obtained (Article 3(d)) and Purpose of the Evidence Sought**

Carvana alleges that discovery produced by IBM suggests that the invention claimed in the '346 Patent was offered for sale by IBM in the United States to Orange

6

more than one year before the filing date of the '346 Patent (i.e., prior to April 1, 2004). Carvana first sought related documents and information from IBM directly, including in requests directed to communications between IBM and Orange (RFP No. 150); documents referencing Orange dated prior to April 1, 2005 (RFP No. 155), and all written proposals and offers to sell services or software to Orange dated prior to April 1, 2005. (RFP No. 163.) Carvana also served an Interrogatory (No. 9), seeking the bates numbers of all offers for sale made prior to April 1, 2005 to Orange related to Tivoli Federated Identity Management (TFIM) or Product Request for Price Quote (PRPQ), all dates of such offers and written agreements related to the same. Carvana alleges that it needs such evidence from Orange to show that one or more offers for sale were made by IBM prior to April 1, 2004, and that IBM's '346 Patent is therefore invalid.

## REQUESTED TAKING OF EVIDENCE

This Court respectfully requests that this Letter of Request be executed by the District Court within whose territory the evidence is to be taken, which France has designated as the "Competent Authority" under Article 2 of the Hague Evidence Convention, in this case, the Ministère de la Justice of France. Upon execution of this Letter of Request, it is respectfully requested that the Competent

7

Authority apply all appropriate means available to it of compelling compliance with the attached document and testimony requests.

Specifically, this Court requests that Orange be compelled to produce all documents within its possession, custody, or control that fall within the categories set forth below, pursuant to the Definitions and Instructions set forth in Schedule A, and subject to any valid objections or limitations. The requested documents and witnesses are expected to be located at Orange S.A., 111, quai du Président Roosevelt, CS 70222, 92449 ISSY-LES-MOULINEAUX CEDEX, France or at an address provided by Orange S.A.

The documents and testimony described in Schedule A are expected to be used as evidence at trial and are important to the determination of the action. Under Article 7 of the Hague Evidence Convention, this Court requests that the parties' United States legal representatives for Plaintiff Carvana (Wendy Stein, Ballard Spahr LLP, 1675 Broadway, 19th Floor, New York, NY 10019), and Defendant IBM (Jordan N. Malz, Desmarais LLP, 230 Park Avenue, New York, NY 10169) (collectively, "United States Legal Representatives") be furnished as soon as practicable with a copy of the executed Letter of Request. It is also requested that the United States Legal Representatives be informed as soon as practicable of the day documents will be produced and dates of witness examinations. If possible, it is requested that notice be furnished to these Legal Representatives at least ten business days before the dates set for examination.

| | |
|---|---|
| ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED: | It is requested that the witnesses be placed under oath before answering questions. In the event that the witness cannot be placed under oath, it is requested that they answer questions in such a manner as provided by local law for taking evidence, including those provisions intended to ensure the veracity of oral testimony. |
| SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (ARTICLE 9): | The requested documents must be produced in electronic form only (any paper documents must be scanned and produced in electronic form -- not in paper); and numbered sequentially (e.g., "A001") for ease of identification. Any confidential information may be so designated; and the requested documents should be produced as they are kept in the usual course of business, or be organized and labeled to correspond to the categories in the request. |
| SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (CONTINUED): | It is requested that: (a) Plaintiff's and Defendant's United States or French counsel be permitted to examine the witnesses under oath according to the United States Federal Rules of Civil Procedure, and that the examination take place before a "court reporter" licensed in one or more states of the United States, an Examiner of your Court, or such other person as your Court shall appoint; (b) that the responses of the witnesses be recorded |

| | |
|---|---|
| | both by the court reporter and by a videographer; (c) that the witnesses be examined as soon as practicable; and (d) that the Court shall take all available measures to protect the confidentiality of the information obtained during testimony. |
| REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUESTS AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED: | It is further requested that the Court, if possible, order the documents requested above to be produced to the United States Legal Representatives within 15 business days of receiving this Letter. |
| | It is requested that the parties' United States Legal Representatives identified above be furnished as soon as practicable with a copy of the executed Letter of Request. |
| | It is also requested that these same United States Legal Representatives identified above be informed as soon as practicable of the time and place for examination of any witnesses. |
| | Any privilege to refuse to give evidence under United States law is contained in the United States Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable United States laws. Specifically, the witness must answer all questions unless the witness is directed by counsel not to answer the question. Such an instruction is appropriate only when necessary to preserve a privilege, to enforce a |

10

limitation directly by a court, or to present a motion to terminate or limit the deposition on the grounds that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent or party. *See* Federal Rule of Civil Procedure 30(d)(1).

It is respectfully requested, given the importance of the evidence to be obtained and the time constraints impacting discovery in this matter, which is set to close on August 28, 2024, that this Letter of Request be given the highest consideration and issued as soon as possible.

To the extent that any portion of the Request cannot be granted, it is respectfully requested that the remaining parts be granted. This Court assures the Judicial Authorities in France that it will reciprocate with similar assistance in like cases and extends the Judicial Authorities the assurances of its highest consideration.

_____

Hon. Victoria Reznik, U.S.M.J.
Dated: 07/10/24

11

# SCHEDULE A
# DEFINITIONS

1. "Carvana" shall mean Carvana, LLC and all past and present representatives, agents, employees, shareholders, officers, directors, executives, subsidiaries, parent corporations, attorneys, and other persons or entities acting on their behalf.

2. "IBM" shall mean International Business Machines Corporation and all past and present representatives, agents, employees, shareholders, officers, directors, executives, subsidiaries, parent corporations, attorneys, affiliates, including but not limited to IBM Business Consulting Services (BCS) and IBM BCS France, and other persons or entities acting on behalf of any of the foregoing.

3. "The '346 Patent" shall mean U.S. Patent No. 7,631,346 and any corrections, reissues, and reexaminations thereof, as well as any other patent(s) that may be asserted and/or challenged later in this Action.

4. "Named '346 Inventors" shall mean Heather Maria Hinton, Ivan Matthew Milman, Venkat Raghavan and Shane Bradley Weeden.

5. "Related Patent(s)" shall mean any U.S. patent, non-U.S. patent, continuation, continuation-in-part, divisional, reexamination, reissue, counterpart patent, or patent application that shares all or substantially all of its specification with one or more of the Patents-in-Suit or claims priority to one or more of the

Patents-in-Suit or from which one or more of the Patents-in-Suit claims priority.

6. "Orange" shall include Orange S.A., Orange UK, Orange France and all past and present representatives, agents, employees, shareholders, officers, directors, executives, subsidiaries, parent corporations, attorneys, affiliates, including but not limited to Orange Group, and other persons or entities acting on behalf of any of the foregoing.

7. "France Telecom" shall include France Telecom S.A. and all past and present representatives, agents, employees, shareholders, officers, directors, executives, subsidiaries, parent corporations, attorneys, affiliates, and other persons or entities acting on behalf of any of the foregoing.

8. "PRPQ" shall mean Product Request for Price Quote.

9. "TFIM" shall mean Tivoli Federated Identity Management.

10. As used herein, "person" means and is intended to refer to an individual, corporation, partnership, association, trust, governmental entity, and any other entity.

11. As used herein, "document(s)" shall include, but not necessarily be limited to the following: all forms of electronically stored information, files, notes, memoranda, correspondence or letters of any kind, e-mail, electronic data, electronically stored records, documents stored in media accessible by electronic means, instant messages, text messages, intra-departmental or inner-office

13

communications, written statements or reports, either signed or unsigned, recorded or sound taped interviews or statements, photographs, moving or still pictures, diagrams, schematics, white papers, test reports, plans, drawings, specifications, measurements, flow charts or documents otherwise described inclusive of agreements, contracts, records, tests or experimental data and results of computer entries and subsequent printouts, or any otherwise described documents.

12. "All documents" shall mean every document within the custody, possession or control of the person or entity to whom this request is directed, and his or its attorneys, representatives, employees, and/or agents, whether an original or copy, as defined above, known to You and every such document or writing which You can locate or discover by reasonable diligent efforts.

13. "All communications" means every manner or means of disclosure, transfer, or exchange, including but not limited to any and all vocal, written, or electronic transmission of information, communications transmitted by or through a computer, computer network, or cell phone, conversations, discussions, memoranda, facsimile transmissions, or letters. The term specifically includes, without limitation, e-mail.

14. The terms "referring" and/or "relating" means pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, describing, disclosing, dealing with, considering, or otherwise concerning in any manner

whatsoever the subject matter of the inquiry. When this term is used in connection with any document, it shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, references, or in any other way deals with the subject matter described in the Request in which the term appears.

15. The term "concerning" shall mean relating to, referring to, describing, evidencing, or constituting, and shall be construed in the broadest possible sense to require the production of all documents or things which contain or comprise any communication that refers to and any documents that discuss, mention, or pertain to the subject matter of the Requests.

16. As used herein, "include," "including," and "such as" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

## REQUESTED DOCUMENTS AND THINGS LIKELY TO BE IN ORANGE S.A.'S POSSESSION, CUSTODY, OR CONTROL

1. All Communications, including e-mail, between you and IBM dated prior to April 1, 2005.

2. All written proposals and offers to sell services or software received from IBM dated prior to April 1, 2005, and any documents reflecting sales of services or software by IBM to Orange prior to April 1, 2005.

3. All written agreements with IBM dated prior to April 1, 2005.

4. All documents of (i) Philippe Metton; (ii) Saverio Domanico and (iii) Nicolas Lutton referencing IBM, PRPQ or single sign on dated prior to April 1, 2005.

5. All documents referencing PRPQ dated prior to April 1, 2005.

6. All documents referencing "runtime account creation," "run time account creation," or "run-time account creation" dated prior to April 1, 2005.

7. All documents referencing "RNI," "Liberty RNI," "Register Name Identifier," and "Liberty Register Name Identifier" dated prior to April 1, 2005.

8. All documents concerning the release of PRPQ by France Telecom and/or Orange in 2003.

9. All documents related to the sale of TFIM to Orange.

10. All communications with any Named '346 Inventors dated prior to April 1, 2005.

11. All documents concerning who would own any inventions or intellectual property resulting from IBM's collaboration with Orange related to single sign on or identity management.

**QUESTIONS TO BE PUT TO THE PERSONS TO BE EXAMINED OR SUBJECT MATTER ABOUT WHICH THEY ARE TO BE EXAMINED**

1. Collaboration between Orange and '346 Named Inventors prior to

16

April 1, 2005.

2. Meetings with IBM including in Paris prior to April 1, 2005.

3. All written proposals and offers to sell services or software received from IBM dated prior to April 1, 2005, and any sales of services or software prior to April 1, 2005.

4. All written agreements with IBM dated prior to April 1, 2005.

5. The release of PRPQ by France Telecom and/or Orange in 2003.

6. The sale of TFIM to Orange.

7. All work on single sign on prior to April 1, 2005, including but not limited to runtime account creation, RNI, Liberty RNI, Register Name Identifier and Liberty Register Name Identifier.

## PERSONS TO BE EXAMINED

1. Philippe Metton;

2. Person(s) who worked with IBM on PRPQ prior to April 1, 2005;

3. Person(s) who communicated with Named '346 Inventors prior to April 1, 2005;

4. Person(s) who reviewed or executed agreements with IBM prior to April 1, 2005;

5. The technical specialist(s) who oversaw the release of PRPQ for deployment by France Telecom and Orange in 2003; and

17

6. Orange employees having knowledge of the topics set forth above.