**Ballard Spahr LLP**

1675 Broadway, 19th Floor
New York, NY 10019-5820
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Wendy R. Stein
Tel: 646.346.8078
Fax: 212.223.1942
steinw@ballardspahr.com

August 22, 2024

**VIA ECF**

The Honorable Victoria Reznik, U.S.M.J.
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re:   *Carvana, LLC vs. International Business Machines Corp.*, 7:23-cv-08616-KMK-VR
Motion for Protective Order, Rule 30(b)(1) Deposition Notice of Jessica Wilson, Esq.

Dear Judge Reznik:

We represent Carvana LLC ("Carvana"), the Plaintiff in the above-referenced action. Pursuant to Local Civil Rule 37.1 and the Court's Individual Practices, we write to request a protective order quashing IBM's Notice seeking a Rule 30(b)(1) deposition of Carvana's in-house litigation counsel, Jessica Wilson, Esq. dated August 15, 2024 ("the Notice").

Prior to IBM issuing the Rule 30(b)(1) notice, during an hour-long telephonic meet and confer on August 7, Carvana objected to a 30(b)(6) deposition of Ms. Wilson and offered to stipulate to the authenticity of her communications with IBM and likewise to IBM's responsive communications to avoid testimony on the communication themselves. IBM's counsel stated it would revert back on that proposal but instead issued its Rule 30(b)(1) notice. After multiple unsuccessful attempts to resolve this issue with IBM's counsel on this matter, on Wednesday, August 21, IBM's counsel agreed that it would not argue this Letter is untimely and understood that Ms. Wilson would not be produced for a deposition pending the Court's ruling on this matter. On August 22, members of Carvana's legal team briefly conferred telephonically with IBM's counsel one final time to seek final resolution prior to Carvana filing this Letter. The parties, however, have determined they are at an impasse and require judicial assistance.

The *In Re Friedman* Factors Support Quashing IBM's Notice of Deposition of Jessica Wilson, Esq.

Jessica Wilson is Carvana's in-house litigation counsel overseeing this action. In determining whether a deposition of opposing counsel is appropriate, courts in this Circuit look to the factors set forth in *In re Friedman,* 350 F.3d 65 (2d Cir. 2003). Those factors are "the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-

The Honorable Victoria Reznik, U.S.M.J.
August 22, 2024
Page 2

product issues, and the extent of discovery already conducted." *Id.* at 72. Here, all of these factors weigh against allowing IBM to depose Ms. Wilson.

*Friedman* Factor 1: IBM Does Not Need to Depose Ms. Wilson

Under the first *Friedman* factor, courts consider the relevance of the information sought and whether it may be acquired through other means—*i.e.*, documents or the testimony of other individuals. *See, e.g.*, *Gropper v. David Ellis Real Estate, L.P.*, No. 13 Civ. 2068 ALC JCF, 2014 WL 904483, at *2 (S.D.N.Y. Mar. 4, 2014) (granting motion to quash subpoena for deposition of plaintiff's attorney where the information sought was "readily available to the defendants"); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 425 (E.D.N.Y. 2007) (granting motion to quash subpoena for deposition of plaintiff's counsel, explaining that defendants "could very easily obtain" the desired information from other individuals).

Although the Notice itself is silent as to the topics on which IBM intends to depose Ms. Wilson, emails with IBM's counsel make clear that IBM seeks information about pre-litigation communications between the parties. These communications, however, are memorialized in written correspondence, the content of which speaks for itself, and which have been produced in this matter. Because IBM has already obtained all of the relevant, non-privileged information through document production, no need exists to depose Ms. Wilson. *See Dominion Res. Servs. v. Alstom Power, Inc.*, No. 3:16CV00544(JCH), 2017 WL 3228120, at *11 (D. Conn. July 31, 2017) (finding no need to depose counsel, where the relevant communications were already in the parties' possession). Further, IBM's Rule 30(b)(6) Topics to Carvana seek, among other things, information related to these communications, Carvana's awareness of the patents-in-suit, and Carvana's licensing. Carvana has designated a different witness, Paul McReynolds, to provide non-privileged answers to these Topics. Accordingly, Ms. Wilson's deposition would be duplicative at best. *Sea Tow Int'l, Inc.*, 246 F.R.D. at 425–26 (finding that defendants did not establish a "specific need" to depose plaintiff's attorney where the information sought was available through other means).

Because IBM already has, or will have prior to the conclusion of fact discovery, all relevant, non-privileged information, IBM does not need to depose Carvana's in-house legal counsel.

*Friedman* Factor 2: At All Relevant Times, Ms. Wilson Was Acting in Her Role as Legal Counsel for Carvana

Courts have recognized that "[a] subpoena seeking to depose opposing counsel should be quashed when the attorney's role is limited to legal representation." *N.Y. Indep. Contractors All., Inc. v. Highway, Rd. & St. Const. Laborers Local Union 1010 of Dist. Council of Pavers & Rd. Builders of Laborer's Int'l Union of N. Am.*, No. 07-CV-1830 ERK/VVP, 2008 WL 5068870, at * 6–7 (E.D.N.Y. Nov. 24, 2008); *see also Sea Tow Int'l, Inc.*, 246 F.R.D. at 426–

The Honorable Victoria Reznik, U.S.M.J.
August 22, 2024
Page 3

27 (granting motion to quash, finding that opposing counsel was, at all relevant times, acting in his capacity as counsel). At all relevant times, and with regard to all relevant issues, Ms. Wilson was acting in legal counsel for Carvana. Therefore, this factor disfavors allowing IBM to depose Ms. Wilson.

*Friedman* Factor 3: The Risk of Encountering Privilege and Work-Product Issue is High

Due to Ms. Wilson's focused role of in-house litigation counsel to Carvana, there is a high risk—if not a certainty—that nearly all information sought in her deposition would be protected by privilege. Under the third *Friedman* factor, these privilege concerns weigh against allowing IBM to depose Ms. Wilson. *N.Y. Indep.*, 2008 WL 5068870, at *7 (granting motion to quash subpoena for deposition of defendants' attorney, finding that his testimony regarding the significance of contracts and correspondence related thereto would "inevitably reveal" privileged information). Indeed, all *relevant* information within Ms. Wilson's personal knowledge would be privileged, given her role as Carvana's in-house litigation counsel.

*Friedman* Factor 4: Discovery is Nearly Complete, and Ms. Wilson's Deposition Would Serve No Legitimate Purpose

In applying this factor, courts consider the stage of discovery and whether the deposition would serve a "legitimate purpose." *Gropper*, 2014 WL 904483, at *2. Here, fact discovery will close on August 28, 2024—the same day for which IBM noticed Ms. Wilson's deposition. As discussed above, Mr. McReynolds will be prepared to testify with regard to the 30(b)(6) Topics for which he is designated, including those related to Carvana's pre-litigation communications, Carvana's knowledge of the patents, and Carvana's licensing. Additionally, as discussed above, both parties have produced substantial amounts of documents memorializing Ms. Wilson's communications with IBM related to this litigation. Given both Mr. McReynolds' 30(b)(6) testimony and the substantial document production, a deposition of Ms. Wilson would be duplicative. This risk of duplication is elevated by the fact that IBM noticed Ms. Wilson's deposition for the last day of fact discovery, August 28, meaning all other discovery will have been completed prior to Ms. Wilson's deposition. Therefore, "[n]o legitimate purpose would be served by obtaining duplicative information" from Ms. Wilson. *Gropper*, 2014 WL 904483, at *2 (granting motion to quash, noting there had been "ample discovery" concerning the information sought by defendants such that the deposition of plaintiff's attorney would be duplicative).

\*\*\*

Because the Second Circuit disfavors depositions of legal counsel, and because all *Friedman* factors weigh against allowing IBM to depose in-house counsel, Carvana respectfully requests that the Court issue a protective order quashing the Rule 30(b)(1) Notice of Jessica Wilson, Esq.

The Honorable Victoria Reznik, U.S.M.J.
August 22, 2024
Page 4

Respectfully Submitted,

*/s/ Wendy R. Stein*