UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Carvana, LLC,

                                Plaintiff,

                -against-

International Business Machines Corp.,

                             Defendant.

-----------------------------------------------------------------X

23-cv-8616

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Plaintiff Carvana, LLC, (Carvana) sued Defendant International Business Machines Corporation (IBM), seeking a declaratory judgment of non-infringement for several of its patents. (ECF No. 1). IBM counterclaimed for patent infringement. (ECF No. 36 at 13).

      Before the Court is the parties' dispute over whether Carvana must (1) produce metrics data as outlined in IBM's August 30, 2024, letter (ECF No. 117 at 3); and (2) designate one or more Rule 30(b)(6) witnesses to sit for a deposition and answer questions on various enumerated topics. (*Id.* at 5). For the reasons explained below, IBM's motion to compel is **GRANTED in part and DENIED in part**.

## DISCUSSION[1]

To begin, parties "may obtain discovery regarding any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *Durling v. Papa John's Int'l, Inc.*, No. 16CIV3592CSJCM, 2018 WL 557915, at *2 (S.D.N.Y. Jan. 24, 2018) (quoting *Greater New York Taxi Ass'n v. City of New York*, No. 13 Civ. 3089 (VSB) (JCF), 2017 WL 4012051, at *2 (S.D.N.Y. Sept. 11, 2017)) (internal quotation marks omitted). Indeed, Courts in this circuit have construed relevance to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Durling,* 2018 WL 557915, at *2 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 618 (S.D.N.Y. 2014)).

Under Rule 37 of the Federal Rules of Civil Procedure, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if "a deponent fails to answer a question" or if a party "fails to produce documents or . . . fails to permit an inspection." Fed R. Civ. P. 37(a)(3)(B). Such motions are "left to the court's sound discretion." *Liz v. A Perfect Dealer, Inc.*, No. 1:23-CV-10670 (JLR) (SDA), 2024 WL 4250364, at *2 (S.D.N.Y. Sept. 20, 2024).

In evaluating motions to compel, Courts will employ a "two-step analytical framework." *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-cv-

---

[1] Familiarity with the procedural history and background facts is assumed.

1805(JPO)(JCF), 2017 WL 3055098, at *2 (S.D.N.Y. July 18, 2017). First, "the moving party must demonstrate that the information sought is discoverable, including, among other things, that it is relevant. *Johnson*, 2017 WL 3055098, at *2 (citing *Mason Tenders District Council of Greater New York v. Phase Construction Services, Inc.*, 318 F.R.D. 28, 36 (S.D.N.Y. 2016)). Next, "[o]nce relevance has been shown, it is up to the responding party to justify curtailing discovery." *Johnson*, 2017 WL 3055098 at, *2 (quoting *Allison v. Clos-ette Too, L.L.C.*, No. 14 CIV. 1618 LAK JCF, 2015 WL 136102, at *8 (S.D.N.Y. Jan. 9, 2015)).  If a responding party seeks to limit discovery of ESI as not reasonably accessible because of undue burden or cost, it must make such a showing. Fed. R. Civ. P 26(b)(2)(B).

### 1. Technical metrics data

IBM alleges that Carvana has "access to comprehensive sets of metrics data regarding the performance of its accused website and mobile applications" (ECF No. 117 at 3), some of which it has failed to produce. (*Id.*)  IBM argues that Carvana's production of technical metrics is "sparse" and "does not cover the entire period of infringement," among other issues. (*Id.*) In response, Carvana maintains that it has produced substantial amounts of metrics data already and that collection of any past data beyond the screenshots already produced would be "prohibitive and not proportional to the needs of the case." (ECF No. 120 at 3).

During the Court conference on September 13, 2024 (ECF No. 121 (Minute Entry)), IBM reduced its demand to data underlying Exhibits 23-25, which appear to relate to metrics data obtained from Lighthouse or Datadog. (ECF Nos. 117 at 4;

130-1 at 2; 130-2). Carvana argued that the underlying data does not exist in any readable format and obtaining it would be unduly burdensome. IBM had separately suggested that Carvana search for the underlying data among sharefiles or among the files of the custodians who created the Exhibits. Since the Court conference, Carvana submitted affidavits that describe the burden of obtaining the underlying data from Exhibits 23-25 and confirm that it conducted a reasonable search, but no other data exists among the custodians. (ECF Nos. 130; 130-1; and 130-2).

Although IBM has sufficiently established that the sought-after metrics data may be relevant to its claims, Carvana has equally established that it produced all responsive, reasonably accessible documents in its possession, custody, or control. IBM has pointed to no evidence to suggest otherwise. And for its part, Carvana has submitted affidavits explaining the significant burden involved with obtaining additional metrics data for any given point in time. (ECF Nos. 130-1; 130-2). *Compare Samsung Elecs. Co. v. Microchip Tech. Inc.*, 347 F.R.D. 252, 261 (S.D.N.Y. 2024) (finding that burden did not exist where party failed to "contend that the requested production is likely to be voluminous or that the expense of production would impose an undue burden") (citing *In re T-Sys. Scheiz AG*, No. 1:20-MC-308-GHW, 2020 WL 7384007, at *2 (S.D.N.Y. Dec. 16, 2020)).

Thus, the Court will not order Carvana to produce metrics data beyond what it has already produced. But the parties are directed to meet and confer to determine whether IBM, at its own time and expense, can obtain the Lighthouse

data in unreadable form and then spend the time and money to figure out how to use it.

### 2. IBM's 30(b)(6) topics

IBM raises four categories of problems with Carvana's responses to its 30(b)(6) topics (ECF No. 117 at 4), which Carvana disputes. (ECF No. 120 at 4). The Court addresses each of these categories below.

### (a) Undesignated topics

First, IBM argues that Carvana designated no witness on certain topics: Topics 10 (testing of accused features), 29 (value of accused features), 32 (info collected about users), 43 (opinions of counsel), 47 (communications with third parties re accused features/patents), 51 (practices for identifying patented technology), 59-60 (document sources/retention), 69-71 (marketing/customer feedback), and 75-78 (testing of accused features). (ECF No. 117 at 4). In response, Carvana appears to agree that certain topics were left undesignated but asserts that others were covered by its designees. (ECF No. 120 at 4-5).

For topics that Carvana agrees it left undesignated (Topics 43, 51, 59-60, and 69-71), the Court largely agrees that additional testimony is unnecessary. On Topic 43 (opinions of counsel), the Court agrees that testimony about opinions of counsel is premature and better addressed only if Carvana chooses to rely on them. For Topic 51 (practices for identifying patented technology), Carvana argues that any relevant information would be privileged because it involves the legal department,

and the Court is inclined to agree. But non-privileged information may be obtained through a targeted interrogatory request, as with Topic 46. Topics 59-60, relating to document sources and retention, seem unnecessary as part of a 30(b)(6) deposition at this late stage of discovery. There is no whiff of spoliation or allegations about Carvana's failure to conduct reasonable searches for documents. *In re Honeywell Int'l, Inc. Sec. Litig.*, 230 F.R.D. 293, 302 (S.D.N.Y. 2003) (denying in part a motion to compel as it related to a party's document retention polices because the moving party did not have a concrete reason for the request). As to Topics 69-71 (marketing/customer feedback), Carvana has stated that no such information exists, making a 30(b)(6) deposition on this topic unnecessary. But Carvana should confirm that no relevant information exists in an affidavit. *See, e.g.*, *Brown v. Coleman*, 514 F. App'x 6, 8–9 (2d Cir. 2013) (Summary Order) (finding that district court did not abuse its discretion "in denying a motion to compel the production of information in the face of a sworn declaration that such evidence no longer existed and only vague assertions to the contrary").

That leaves Topics 10, 29, 32, 47,[2] and 75-78, which Carvana argues were already covered by various designees. For example, Carvana asserts that Mr. Pinho

---

[2] Carvana refers to Topic 47 as relating to "pre-suit communications" and argues that this topic was covered by Mr. McReynolds who "authenticated and confirmed the written communications." (ECF No. 120 at 2). But Topic 47 appears to relate to communications with third parties regarding IBM or any of the accused features and patents (ECF No. 117-7 at 21), not pre-suit communications between Carvana and IBM. Thus, it is unclear whether Carvana designated any witness to cover this topic. In any case, some portion of this topic appears to relate to Carvana's licensing policies and practices with third parties, which will be covered by Ms. Wilson's forthcoming deposition separately ordered by the Court. Any additional information can be obtained through document production and written discovery from Carvana, if not already done so.

covered topics relating to Next.js and 3P Auth account creation through his designated testimony on Topics 22/74, and 32/37, respectively. (ECF No. 120 at 4). Mr. McReynolds allegedly covered topics relating to 3P auth account creation and A/B testing through his designated testimony on Topics 8, 61, 68. (*Id.*)  Mr. Huber allegedly covered topics on Datadog through his designated testimony on Topics 24, 28, and 30. (*Id.*)  And Mr. Johnson allegedly covered topics relating to the benefits of Next.js through his designated testimony on Topic 19. (*Id.*) But Carvana relies on testimony from witnesses who were designated on topics *other* than 10, 29, and 75-78 to make its point. The same is true of Topic 32, in which Carvana says a part of that topic is irrelevant given the withdrawn '849 patent but was otherwise covered by Mr. Huber (in Topic 23(h)) and Mr. Johnson (in Topics 23(g) and 81). Again, it appears that Carvana did not designate Huber and Johnson to cover a portion of Topic 32 before their depositions, only after-the-fact.

The Court cannot wade through the technical testimony of all these witnesses to decipher whether testimony on some designated topics was sufficient to cover others. And the parties have not provided sufficient clarity either way. Thus, the Court will not order additional deposition testimony at this time. But to the extent Carvana claims that other witnesses covered the topics in 10, 29, 32, and 75-78, they must designate that testimony accordingly and make clear which portions relate to which topics. If gaps remain, IBM can renew its request for additional testimony but must identify more precisely what information it still needs and why it cannot be obtained through alternative means.

Case 7:23-cv-08616-KMK-VR    Document 136    Filed 11/22/24    Page 8 of 10

**(b) Designated topics on metrics but with limitations**

Second, IBM argues that Carvana provided a witness on topics relating to metrics but unilaterally limited them to exclude certain technical metrics (Topics 9, 20, 33-35, 66, and 83). (ECF No. 117 at 4). It is unclear from the cited testimony that Mr. McReynolds' testimony excludes technical metrics, as IBM asserts. In any case, Carvana argues that other designees covered similar topics. (ECF No. 120 at 5). But as with the topics discussed above, if Carvana believes that other witnesses sufficiently covered these noticed topics, they must designate that testimony accordingly and make clear which portions relate to which topics. If gaps remain, IBM can renew its request for additional testimony but must identify more precisely what information it still needs and why it cannot be obtained through alternative means.

**(c) Insufficient testimony on Topics 45 and 46**

Third, IBM argues that Carvana failed to provide a knowledgeable witness about Topics 45 (pre-suit communications) and 46 (Carvana's first awareness of the patents). This dispute has been resolved by the Court's order about Ms. Wilson's deposition. (ECF No. ----).

**(d) Inadequate testimony from Mr. Johnson, including source code**

Fourth, IBM argues that Carvana's 30(b)(6) witness Mr. Johnson failed to provide adequate responses for Topics 11, 13, 14, 17, 22, and 37, and should also testify about the source code produced by Carvana after his deposition. The Court

reviewed the entire transcript submitted by the parties and agrees that Mr. Johnson at times seemed unnecessarily evasive, which no doubt made for a frustrating deposition for IBM. Even so, in most instances, IBM's counsel was able to frame questions that Mr. Johnson would eventually answer. And with just a few exceptions noted below, IBM does not identify specific information it was unable to obtain. Carvana has already offered to remedy some of these issues with another deposition on Topics 22 and 37. (ECF Nos. 120 at 5; 117 at 5 n.3).

As noted above, the Court did identify some questions that Mr. Johnson failed to answer altogether:  whether and why Carvana attempted to decrease load times of its web pages. (ECF No. 126-2 (Tr. at 163-169)). IBM also identifies one other substantive topic Mr. Johnson was unprepared to answer: whether certain Carvana source code identified by IBM was used on a server or a client/browser. (ECF No. 117 at 5).

Thus, the Court will order a 3-hour deposition of Mr. Johnson (or another designee) to cover Topics 22 and 37, the topics raised in pages 163-169 of Mr. Johnson's transcript, and whether certain Carvana source code identified by IBM was used on a server or a client/browser.

The Court will not order any further deposition of Mr. Johnson in his personal capacity, unless it is combined with his designation on the 30(b)(6) topics mentioned above and limited to the same 3-hour deposition. Nor will the Court order any depositions based on the pages of source code produced by Carvana at this

stage of the case but will permit IBM to renew its request as part of expert

discovery, if necessary.

<u>**CONCLUSION**</u>

For the reasons above, Defendant's Motion to Compel is **GRANTED in part
and DENIED in part**.


**SO ORDERED.**

DATED:       White Plains, New York
             November 22, 2024

<br>

_____

VICTORIA REZNIK
United States Magistrate Judge