UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CARVANA, LLC,                                                      23-cv-8616-KMK-VR

               Plaintiff,

                                                  **OPINION & ORDER**

        -against-

INTERNATIONAL BUSINESS
MACHINES CORPORATION.,

               Defendant.

-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

     Both parties previously filed pre-motion letters requesting leave to file documents under seal concerning a discovery dispute. Although the Court resolved the underlying discovery dispute, the sealing requests remain pending. This order addresses those outstanding sealing requests.

**BACKGROUND**

     On August 30, 2024, IBM filed its letter requesting leave to file its pre-motion letter to compel discovery under seal.  (ECF No. 116). The pre-motion letter to compel discovery (ECF No. 117) included various exhibits supporting IBM's request, including excerpts from deposition transcripts and email communications between the parties. IBM contemporaneously filed a redacted version of this letter on the docket, too. (ECF No. 118).

     On September 13, 2024, the Court held a discovery conference with the parties and requested that they submit unredacted versions of deposition testimony from two witnesses for the Court's review and affidavits from Plaintiff related to specific technical aspects of the case. (ECF No. 121). Then, on September 19, 2024, in connection with the Court's order, IBM filed a

letter seeking leave to file these unredacted depositions transcripts under seal. (ECF No. 125). IBM then filed both a letter motion with unredacted versions of these transcripts as exhibits (ECF No. 126) and a redacted version (ECF No. 127). The next day, Carvana filed a letter seeking leave to file its unredacted affidavits under seal (ECF No. 128), followed by the filing of the affidavits themselves. (ECF Nos. 129, 130). After reviewing all the parties' filings concerning the disputes, the Court resolved the substantive matters underlying them in its opinion on November 22, 2024. (ECF No. 136). But as noted above, the Court now resolves the parties' still pending requests to keep their filings under seal.

## DISCUSSION

To overcome the presumption of public access afforded to filed documents, the Court must make specific, on the record findings that sealing is (1) necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021). In connection with their letters, IBM filed ECF Nos. 117 and 126 without redactions and under seal with the viewing level "selected parties." IBM then filed redacted versions of those documents (ECF Nos. 118 and 127, respectively) without viewing restrictions. The Court has reviewed the parties' proposed redactions for ECF Nos. 117 and 126 and determined that they are narrowly tailored and redact only commercially sensitive information to protect confidential business interests. Thus, ECF Nos. 118 and 127 may stay on the docket in their redacted form and ECF Nos. 117 and 126 may remain under seal in their entirety.

ECF Nos. 129 and 130 (the witness affidavits) facially contain commercially sensitive information. Based on the Court's review of these filings, the Court finds that sealing them in their entirety is the most narrowly tailored means of sealing them. Thus, the Court finds that ECF Nos. 129 and 130 should remain sealed.

Consequently, the Clerk of Court is respectfully directed to maintain ECF Nos. 117, 126, 129, and 130 under seal and only viewable to "selected parties."

Finally, the Clerk of Court is respectfully directed to close out the gavels on ECF Nos. 116, 125, and 128.

**SO ORDERED.**

DATED:      White Plains, New York
            February 25, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge