UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARVANA, LLC

                         Plaintiff,

        v.

INTERNATIONAL BUSINESS MACHINES
CORPORATION.

                         Defendant.

---

No. 23-CV-8616 (KMK)

<u>OPINION AND ORDER</u>

KENNETH M. KARAS, United States District Judge:

Plaintiff Carvana, LLC ("Carvana") moves to stay this patent infringement lawsuit pending a decision by the Federal Circuit regarding Patent No. 7,631,346 (the "'346 Patent"). (*See* Not. of Mot. (Dkt. No. 147); Dkt No. 154.) [1] For the following reasons, Carvana's Motion to Stay (the "Motion") is granted.

---

[1] Carvana's pre-motion letter primarily argued that a stay was appropriate pending the Patent Trial and Appeal Board's (the "PTAB") decision to institute inter partes review (an "IPR") on U.S. Patent No. 7,702,719 (the "'719 Patent"). (*See* Dkt. No. 142). On July 10, 2025, the PTAB declined to institute inter partes review, thereby making the motion moot on those grounds. (*See* Dkt. No. 154.)

However, Plaintiff did mention that a "secondary benefit" of such a stay would be that a decision from the Federal Circuit would likely issue a decision regarding the '346 Patent during the pendency of the stay. (*See* Dkt. No. 142 at 2 n.2.) Moreover, in its subsequent briefing moving to stay these proceedings, Plaintiff discussed the Federal Circuit's forthcoming decision in *IBM v. Zillow Group, Inc.* as an alternative justification for the stay. (*See* Mem. in Supp. of Mot. to Stay ("Pl. Mem.") 16–17 (Dkt. No. 148).) For these reasons, the Court construes Carvana's motion as requesting a stay pending the Federal Circuit's determination about the patentability of the claims in the '346 Patent.

I.    Background

Carvana is an Arizona-based company that provides online vehicles sales services.  (*See* Compl. ¶ 2 (Dkt. No. 1).)  On September 29, 2023, Carvana brought this action against International Business Machines Corporation ("IBM"), seeking declaratory relief under 28 U.S.C. §§ 2201–2202 of its non-infringement of three of IBM's patents—U.S. Patent Nos. 7,072,849 (the "'849 Patent"), 7,543,234 (the "'234 Patent"), and 7,631,346 (the "'346 Patent"). (*See id*. ¶¶ 46–73.)  IBM filed its answer along with counterclaims for infringement of each of these patents on December 4, 2023.  (*See* Answer (Dkt. No. 36).)  On March 22, 2024, Carvana voluntarily dismissed its claims related to the '849 Patent.  (*See* Dkt. No. 54).  Thus, the remaining patents that Carvana seeks a declaration of non-infringement for are the '234 Patent and the '346 Patent.  On April 2, 2024, IBM filed an amended answer to add a patent infringement claim against Carvana for its alleged infringement of the '719 Patent. (*See* Am. Answer (Dkt. No. 63).)  Thus, the remaining patents at issue in this action are the '234, '346, and '719 Patent.

The Court held an initial conference on December 25, 2023, (*see* Dkt. No. 37), and set a case management plan, (*see* Dkt. No. 39).  The Parties then began discovery.  (*See* Dkt. No. 41.) On August 28, 2024, fact discovery closed.  (*See* Dkt. No. 115.)  Pursuant to a briefing schedule set by the Court, (*see* Dkt. No. 82), the Parties briefed claim construction statements, (*see* Dkt. Nos. 110, 122, 132, 133), and the Court held a *Markman* hearing on November 20, 2024, (*see* Jul. 16, 2024 Dkt. Entry).  The Court has yet to issue a claim construction decision.  (*See generally* Dkt.)

On October 11, 2023, the PTAB issued a decision regarding the '346 Patent in *Ebates Performance Marketing, Inc. v. IBM*.  *See* Ebates Performance Marketing, Inc. v. IBM, No. 22-

646, 2023 WL 7358027 (P.T.A.B. Oct. 11, 2023). In its decision, the PTAB concluded that claims 1–4, 12–16, 18 and 19 were unpatentable under 35 U.S.C. § 103, and that the remainder of the claims were patentable. *See id*. at *1. The Parties cross-appealed the PTAB's determination. *See* Notice of Appeal, IBM v. Zillow Grp., Inc., No. 24-1170 (Dkt. No. 1); Notice of Appeal, Ebates Performance Marketing, Inc. v. IBM, No. 24-1238 (Dkt. No. 1). On December 7, 2023, the appeals were consolidated. *See* Order Consolidating Appeals, IBM v. Zillow Grp., Inc., No. 24-1170 (Dkt. No. 17).

On February 7, 2025, Carvana filed a pre-motion letter seeking a stay in this Court, (*see* Dkt. No. 142), and IBM filed a letter opposing such a stay, (*see* Dkt. No. 143). Pursuant to a briefing schedule set by the Court, Carvana filed its Motion to Stay on May 7, 2025, (*see* Not. of Mot.; Pl. Mem.); on June 4, 2025, IBM filed its Opposition, (*see* Mem. in Opp. to Mot. to Stay ("Def. Opp.") (Dkt. No. 150)); and on June 18, 2025, Carvana filed its Reply, (*see* Rep. in Supp. of Mot. ("Pl. Rep.") (Dkt. No. 152)).

## II. Discussion

"Whether to grant a stay is within the court's discretion." *Medmix Switzerland AG v. Kettenbach GmbH & Co. KG*, No. 21-CV-6613, 2024 WL 1973365, at *6 (E.D.N.Y. May 3, 2024) (citing *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc*., No. 16-CV-4236, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016)). In the context of an IPR it is axiomatic that the Court "has the power to stay [an] action pending IPR review," *Pakage Apparel, Inc. v. Tommy John, Inc.*, No. 24-CV-6371, 2024 WL 4117200, at *2 (S.D.N.Y. Sept. 9, 2024) (citing *Murata Mach. USA v. Daifuku Co*., 830 F.3d 1357, 1361 (Fed. Cir. 2016)), and that such motions are evaluated pursuant to three criteria: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving

party,'" *id*. at *3 (quoting *Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017)); *see also Nike, Inc. v. Lululemon USA Inc*., No. 23-CV-771, 2024 WL 4381070, at *1 (S.D.N.Y. Oct. 3, 2024).  Courts have also applied these criteria where, as here, a party seeks a stay of proceedings pending Federal Circuit review of a decision by the PTAB.  *See Medmix Switzerland AG*, 2024 WL 1973365, at *6 ("Courts also apply [the foregoing] standards where the PTAB has completed its review and a party has appealed its conclusions to the Federal Circuit."); *Andrea Elecs. Corp. v. Apple Inc.*, No. 16-CV-5220, 2019 WL 3712120, at *1 (E.D.N.Y. Aug. 6, 2019) (applying the same standard in deciding whether to "stay proceedings pending a final resolution of IPR proceedings appealed to the Federal Circuit"); *see also UNM Rainforest Innovations v. TP-Link Techs. Co*., No. 19-CV-262, 2023 WL 2638273, at *2–4 (W.D. Tex. Mar. 24, 2023) (applying the same standard with respect to a motion to stay pending the appeal of a patentability determination to the Federal Circuit).

    A. Simplifying the Issues

    The Federal Circuit's review would simplify at least some of the issues for trial.  Both Plaintiff and Defendant have raised claims pursuant to the '346 Patent, (*see* Compl. ¶¶ 65–73; Am. Answer ¶¶ 78–94), and in the pending Federal Circuit case, *IBM v. Zillow Group, Inc.*, the patentability of the entire '346 Patent is at issue, *see* Not. of Appeal, IBM v. Zillow Group, Inc., No. 24-1170 (Dkt. No. 1).  If the Federal Circuit concludes some or all of the '346 Patent is unpatentable, the ruling will be binding on this Court.  *Andrea Elecs. Corp.*, 2019 WL 3712120, at *2 ("[S]hould the Federal Circuit reverse the PTAB decision and invalidate [the] claims . . . its ruling will be dispositive of this action."); *see also Raffel Sys., LLC v. Man Wah Holdings Ltd, Inc*., No. 18-CV-1765, 2021 WL 2043096, at *1 (E.D. Wis. May 21, 2021). ("Because the decision of the Federal Circuit on the validity of the [] patent is binding on this [c]ourt and may

4

resolve both [the defendant's] counterclaim and [the plaintiff's] infringement claim, [the court] will grant [the plaintiff's] request to stay litigation as to the [] patent.").  On the other hand, if the Federal Circuit upholds the PTAB's determination, "the Circuit's analysis in distinguishing the challenged claims from prior art may well shed considerable light on whether [the plaintiff's] products infringed the [patent]." *Straight Path IP Grp., Inc.*, 2016 WL 6094114, at *3; *see also LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp., C.A.*, No. 12-CV-1063, 2015 WL 8674901, at *3 (D. Del. Dec. 11, 2015) ("[R]egardless of whether the appellate court affirms or reverses the PTAB's decision, its analysis could provide greater clarity as to claim construction-related or invalidity-related issues that might arise in this case," including "what conduct would, in fact, infringe these claims and what prior art would render the claims invalid." (internal quotation marks and citations omitted)).

Moreover, the appeal before the Federal Circuit is fully briefed and oral argument is scheduled to be held in the very near future.  *See* Notice of Oral Argument, IBM v. Zillow Grp., Inc., No. 24-1170 (Dkt. No. 76) (scheduling oral argument for September 3, 2025).  That is "a minor delay given that the decision 'will simplify the issues in this case and provide the Court with expert guidance in a complex area of law.'" *Deckers Outdoor Corp. v. Next Step Grp., Inc.*, No. 23-CV-2545, 2024 WL 1077875, at *2 (S.D.N.Y. Feb. 29, 2024) (quoting *Molo Design, Ltd. v. Chanel, Inc.*, No. 21-CV-1578, 2022 WL 2135628, at *3 (S.D.N.Y. May 2, 2022)).

Thus, this factor weighs in favor of granting a stay.

B. Stage of Proceedings

The Court determines that the stage of proceedings narrowly cuts against a stay.  "A case that is at the early stage of its lifespan generally favors granting a stay." *Kannuu Pty Ltd. V. Samsung Elecs. Co., Ltd.*, No. 19-CV-4297, 2021 WL 195163, at *10 (S.D.N.Y. Jan. 19, 2021).

"Although 'the range of what qualifies as early stage is relative, there is a general consensus that where the parties have fully briefed the issue of claim construction, attended a *Markman* hearing, and received a claim construction order, [and] discovery is well underway,' this second factor 'counsel[s] against granting a stay.'"  *Rovi Guides, Inc*., 2017 WL 4876305, at *3 (quoting *Adaptix, Inc. v. HTC Corp.*, No. 14-CV-2359, 2015 WL 12839246, at *2 (N.D. Cal. Aug. 5, 2015)); *see also Kannuu*, 2021 WL 195163, at *10 (granting a stay where the parties were early in the discovery process, and where neither a *Markman* hearing nor a trial had been scheduled). In contrast, where discovery is complete or well underway, a *Markman* order has issued, and summary judgment briefing is completed, courts tend to find that the proceedings are not in a sufficiently early stage to weigh in favor of a stay.  *See Nike, Inc*., 2024 WL 4381070, at *2 (denying stay where expert discovery, claim construction, summary judgment and *Daubert* briefing were complete); *Rovi Guides, Inc.*, 2017 WL 4876305, at *3 (concluding that the second factor "strongly" weighed against granting a stay where "fact discovery [had] closed, the Court has issued a *Markman* order, expert reports [had] been served, [and] the parties [were] in the midst of taking expert depositions").

Here, the case is neither clearly in the early stages nor clearly in the late stages of litigation.  The parties have briefed and argued the issue of claim construction and fact discovery has been completed.  (*See* Dkt. Nos. 110, 115, 122, 132, 133.)  However, no *Markman* order has issued, no briefing has been completed as to summary judgment, and a trial date has not been set. (*See generally* Dkt.)  Such circumstances weigh "moderately against a stay."  *Nanobebe US Inc. v. Mayborn (UK) Ltd.*, No. 21-CV-8444, 2023 WL 4993642, at *3 (S.D.N.Y. Aug. 4, 2023) (concluding the same where a *Markman* hearing had been held and a *Markman* opinion had been issued, but fact and expert discovery had not yet closed); *Methode Elecs., Inc. v. DPH-DAS LLC*,

No. 09-CV-13078, 2012 WL 831470, at *5 (E.D. Mich. Mar. 12, 2012) (concluding a stay was not appropriate where a *Markman* hearing had been held but no *Markman* ruling had been issued). For this reason, the Court finds that this factor weighs moderately against a stay.

  C. Prejudice

  "'[M]ere delay in the litigation does not establish undue prejudice[,]' . . . [a]nd in any event, courts conducting an undue prejudice review consider four sub-factors: (1) the timing of the request for inter partes review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Medmix Switzerland AG*, 2024 WL 1973365, at *7 (quoting *Rovi Guides, Inc*., 2017 WL 4876305, at *4, and citing *Metrom Rail, LLC v. Siemens Mobility, Inc*., No. 23-CV-3057, 2024 WL 323374, *4 (S.D.N.Y. Jan. 29, 2024)) (italics omitted).

  Here, Plaintiff is not involved in the proceedings before the Federal Circuit, *see generally* IBM v. Zillow Grp., Inc., No. 24-1170, and therefore the first sub-factor is inapplicable, *see Medmix Switzerland AG*, 2024 WL 1973365, at *7 (declining to apply this subfactor in determining whether non-movant would be prejudiced); *Andrea Elecs. Corp.*, 2019 WL 3712120, at *2 (failing to mention the first sub-factor in determining whether non-movant would be prejudiced). As to the timing of request for a stay, the Court concludes this subfactor cuts against Plaintiff's Motion. As Defendant points out, the appeal in *IBM v. Zillow Group, Inc.* has been ongoing for some time, and Plaintiff failed to move for a stay until February 2025. *Compare* Not. of Appeal, IBM v. Zillow Grp., Inc., No. 24-1170 (Dkt. No. 1) (docketing appeal on November 21, 2023), *with* (Compl. (opening case on September 29, 2023). This kind of delay weighs against granting the motion. *See Jiaxing Super Lighting Elec. Appliance Co. v. MaxLite, Inc.*, No. 19-CV-194047, 2020 WL 5079051, at *4 (C.D. Cal. June 17, 2020)

(concluding that a delay of six months between requests for IPRs and filing a motion to stay cut against granting a stay); *Int'l Test Sols., Inc. v. Mipox Int'l Corp.*, No. 16-CV-791, 2017 WL 1316549, at *3 (N.D. Cal. Apr. 10, 2017) (delay of over a year in filing a motion to stay weighed against granting motion).

Nevertheless, the other sub-factors weigh against finding that the non-movant will be prejudiced.  First, the Parties are not direct competitors.  (*Compare* Pl. Mem. 9 (noting that the Parties "are not direct competitors"), *with* Def. Mem. (failing to argue that they are direct competitors).)  "Prejudice to the patentee is heightened when parties to litigation are direct competitors; in such cases, courts presume that a stay will prejudice the non-movant." *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-5669, 2014 WL 2854656, at *4 (S.D.N.Y. June 20, 2014) (alterations adopted) (quoting *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011)); *see also Nike*, 2024 WL 4381070, at *4 ("Direct competition between the parties generally weighs against a stay." (internal citations and quotations omitted)).  This sub-factor therefore weighs in favor of granting a stay.  *See Rovi Guides, Inc.*, 2017 WL 4876305, at *5 ("Even if there is some competition between the parties, they are not primarily marketplace competitors.").

Moreover, the case in the Federal Circuit is set for oral argument today, a fact which cuts in favor of concluding that a stay would not unduly prejudice the Parties.  *See Medmix*, 2024 WL 1973365, at *7 (E.D.N.Y. May 3, 2024) (concluding that this sub-factor cut in favor of granting a motion for stay even before the appeal before the Federal Circuit had been set for oral argument); *Andrea Elecs.*, 2019 WL 3712120, at *1–2 (E.D.N.Y. Aug. 6, 2019) (concluding there was no undue prejudice where the appeal of the PTAB's decision "was fully briefed before the Federal Circuit"); *LG Elecs., Inc.*, 2015 WL 8674901, at *6 (concluding this sub-factor cut in favor of

granting the motion because of the short time between the docketing of appeals before the Federal Circuit and decisions).

The Court concludes that one of the sub-factors weighs against granting Plaintiff's motion, and two weigh in favor.  Accordingly, this factor weighs in favor of a stay.

## II.  Conclusion

The Court determines that two of the three factors used to determine whether to grant a stay pending an IPR petition weigh in favor of granting the stay, and that the third only weighs mildly against granting a stay.  For those reasons, Plaintiff's Motion is granted.  The Clerk of Court is respectfully directed to terminate the pending motion (*see* Dkt. No. 148), and to stay the case pending the Federal Circuit's decision.


SO ORDERED.

Dated:     September 3, 2025
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

9